**AMERICAN STATE BANK OF HARRISBURG v. HARDING et al. (No. 8069.)**

(Court of Civil Appeals of Texas. Galveston. June 2, 1921. Rehearing Denied June 23, 1921.)

Chattel mortgages ⬦47—Mortgagee of machinery held entitled to lien on that not included in prior mortgage of mill in which contained.

Where a bank took a note secured by a chattel mortgage on a "Wheeland sawmill complete," and thereafter the mortgagor gave another bank a note secured by a chattel mortgage on a boiler, engine, and other machinery and equipment, which the first bank claimed were included in the mortgage of the mill, and the jury found that the description used in the first mortgage did not include such articles, and that the second bank before taking its mortgage pursued a proper inquiry to ascertain whether the other bank had one on the same property, such second bank was acquitted of any knowledge or notice of such claim beyond what was embraced in the descriptive term used in the first mortgage, though the latter was recorded, and was entitled to a lien for the balance.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by the American State Bank of Harrisburg against Will Harding and another. From a judgment on the findings of a jury in response to special issues, plaintiff appeals. Affirmed.

Cooper & Merrill, of Houston, for appellant.

Hill & Hill, of Houston, for appellees.

GRAVES, J. As presented on appeal, this cause represents a contest between two banks, American State Bank of Harrisburg, appellant, and the Gulf State Bank of Houston, appellee, over whether or not the court below entered, as between them, the right judgment upon the findings of a jury in response to special issues.

The pertinent facts are that Will Harding, on June 2, 1919, gave appellant bank his note for $2,000, secured by a chattel mortgage on "1 Wheeland sawmill complete, located at the Clinton community three miles below Harrisburg," which note and mortgage that bank declared upon in this suit and sought judgment and foreclosure; on January 28, 1920, Will Harding and another gave the appellee Gulf Bank their note for $3,442.21, together with a chattel mortgage to secure it upon "one 80-horse power return tube Atlas boiler, one 35-horse power Erie Iron Works Steam engine, one Wheeland sawmill and carriage complete, one edger, one cut off saw, certain shafting, belts, pulleys, fixtures, fittings, and appurtenances, located at or near the town of Clinton about two miles below Harrisburg," the latter bank in like manner setting up its note and mortgage and asking the same character of relief.

Appellant further alleged that at the time Harding executed the note and mortgage to it he represented that the term "1 Wheeland sawmill complete," which were the only descriptive words contained in the mortgage itself, embraced and included all the machines, equipment, appurtenances, and appliances connected with and located in his sawmill plant at Clinton; that all such property accordingly became subject to the mortgage, and that, as the instrument was forthwith recorded, the appellee bank in taking its later mortgage was both charged with knowledge of and put upon such inquiry about as would have disclosed that fact. The Gulf Bank denied that it was either charged with or in fact had any such knowledge or notice.

The issues between the two banks thus raised were, among other matters not material here, submitted to the jury in the following special issues:

"Special Issue No. 1: Does the description used and set out in the chattel mortgage dated June 2, 1919, and executed by Will Harding to the American State Bank include all the machinery, appliances, and equipment connected with and used in the sawmill at Clinton, Tex.? Answer Yes or No, as you find the fact to be.

"Special Issue No. 2: If you have answered the foregoing issue in the negative, and only in that event, then you will answer the following: Did or did not Will Harding inform the officers of the plaintiff bank, at the time the mortgage and note of June 2, 1919, was drawn and executed, that the term '1 Wheeland sawmill complete' included all the machinery, tools, and appliances constituting and embraced in said sawmill at Clinton, Tex.? Answer Yes or No, as you find the facts to be."

"Special Issue No. 8: Is or is not the phrase 'Wheeland sawmill complete' a technical and trade term? Answer Yes or No as you find the fact to be.

"Special Issue No. 9: If you answer the preceding special issue Yes, then say what particular pieces of machinery are included in its terms.

"Special Issue No. 10: At the time the Gulf State Bank took its note and mortgage from Will Harding and Mack Harding, did it have knowledge of sufficient facts to put a reasonably prudent person on inquiry as to whether the American State Bank had a mortgage on all the sawmill property of Will Harding? Answer Yes or No, as you find the facts to be.

"Special Issue No. 11: If you answer the foregoing issue in the affirmative, then you will answer the following issue: Did the Gulf State Bank, before it took its note and mortgage from the said Harding, pursue with reasonable diligence a proper inquiry to ascertain whether the American State Bank of Harrisburg had and claimed a mortgage on said property? Answer Yes or No, as you find the fact to be."

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The first was answered, "No," the second, eighth, tenth, and eleventh, "Yes," and the ninth, "Husk, carriage, feed dogs and carriage track."

Appellant by motion requested, pursuant to the findings, foreclosure of its claimed lien upon all the property at the sawmill plant as against both Harding and the appellee bank, but the court refused the motion, and entered judgment in its favor against Harding, with foreclosure upon "1 Wheeland sawmill complete, consisting of 1 circular saw, 1 mandrel, husk, carriage, dogs feed and carriage tracks," subject, however, to the lien of the Gulf Bank upon all the balance of the property so situated, which it adjudged to be first and superior in favor of the latter.

On appeal the American Bank complains of the refusal of its motion for judgment in its favor, contending that the judgment rendered did not follow the verdict, in that the jury found that Harding informed its officers on executing the mortgage to it that the term "1 Wheeland sawmill complete" included all the property in the plant at Clinton, which fact as between that bank and Harding gave it a valid mortgage on the whole of the equipment, and that the Gulf Bank, on taking its later note and mortgage, had knowledge of sufficient facts to put it on inquiry of the actual status of the first bank's claim. The trouble with this position is that the jury also found in answering special issues Nos. 1, 8, and 11, and, there being no statement of facts, we must presume, upon sufficient evidence, that the description used in appellant's mortgage did not include all the machinery in the plant, and so not that as to which the appellee recovered, that the phrase therein employed, "Wheeland sawmill complete," was a technical and trade term, and that the Gulf Bank before taking its mortgage pursued a proper inquiry to ascertain whether the other bank had and claimed one on the same property.

If the terms of appellant's mortgage, although recorded as stated, did not cover the property appellee claimed, and the latter in advance of taking its own mortgage pursued proper inquiry to determine whether appellant had and claimed any mortgage on it, the conclusion must follow that the inquiry gave the Gulf Bank no further information; it was therefore acquitted of any knowledge or notice of a claim upon appellant's part beyond what was embraced in the descriptive term so used in its then recorded mortgage. In this state of the record before us, since there is neither statement of facts nor contrary showing, we conclude that the trial court did not err in refusing appellant's motion and in entering judgment in favor of the appellee.

A separate discussion of further assignments of error becomes unnecessary; all assignments are overruled, and an affirmance ordered.

Affirmed.

